IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-114-BO-1
NO. 5:11-CV-588-BO

| | |
|---|---|
| EDGAR MUNOZ-MEZA, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

ORDER

This matter is before the Court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [DE 80]. Respondent has filed a Motion to Dismiss and Motion for Hearing [DE 91]. Petitioner responded, and filed a Motion to Withdraw a 2255 Motion Without Prejudice [DE 98]. Petitioner has also filed a Motion for Transcripts [DE 90]. For the following reasons, this matter will be set for an evidentiary hearing and the Federal Public Defender is directed to provide representation in this action. Respondent's Motion to Dismiss and Motion for Hearing [DE 91] is GRANTED in PART and DENIED in PART. The Motion is DENIED insofar as it seeks to dismiss the second ground of Petitioner's Motion. The Motion is GRANTED insofar as it seeks an evidentiary hearing in this Matter. Petitioner's Motion for Transcripts [DE 90] is DENIED WITHOUT PREJUDICE, with permission for counsel to refile the motion if necessary for Petitioner's adequate representation. Petitioner's Motion to Withdraw a 2255 Motion Without Prejudice [DE 98] is DENIED as MOOT.

BACKGROUND

On June 8, 2010, Petitioner pleaded guilty, pursuant to a written plea agreement [DE 34], to one count of conspiracy to possess with the intent to distribute more than 100 kilograms of

marijuana [DE 33]. As part of his plea agreement, Petitioner agreed to waive the right to appeal [DE 34 at 1-2]. In his plea, Petitioner acknowledged that the minimum term of imprisonment was 60 months [DE 34 at 4]. On October 26, 2010, this Court sentenced Petitioner to 71 months of imprisonment, as well as other penalties [DE 49, 51].

Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on October 24, 2011 [DE 80], raising three claims of ineffective assistance of counsel. First, he claims that his attorney failed to file a notice of appeal, contrary to Petitioner's instructions [DE 80 at 4]. Second, he claims that his attorney failed to advise him properly on the wisdom of accepting a plea agreement, failed to make meritorious challenges to the legality of aggravating circumstances or enhancements, failed to object to "defects in the plea, " and failed to adequately investigate Petitioner's alibi defense [DE 80 at 5]. Third, Petitioner claims that his attorney failed to inform him of the potential immigration consequences of pleading guilty, contrary to *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).

## DISCUSSION

Respondent concedes that factual issues are in dispute as to Petitioner's first and third grounds for relief. Petitioner's first ground depends on whether he asked his appellate counsel to file a notice of appeal and whether counsel was therefore bound so to file or to consult with Petitioner pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000). His third ground requires a factual determination of whether counsel advised Petitioner of the potential immigration consequences of pleading guilty. In *Padilla v. Kentucky*, the United States Supreme Court held that "counsel must inform her client whether his plea carries a risk of deportation." 130 S. Ct. 1473, 1486. If Petitioner is correct in his factual allegations, then a colorable claim of ineffective assistance of counsel has been presented on each of these grounds. Therefore, an evidentiary

hearing is appropriate on these questions.

As to Petitioner's second ground for relief, Respondent argues that Petitioner has not satisfied either of the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires that Petitioner demonstrate (1) "that counsel's performance fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. Respondent correctly notes that "judicial scrutiny of counsel's performance must be highly deferential." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010). Further, courts apply a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). Respondent seeks to dismiss Petitioner's claims on the ground that they constitute "unelaborated and general complaints" directed at decisions that are "best understood as strategy and tactics" [DE 92 at 3].

In a criminal trial, defense counsel has the authority to manage most aspects of the defense without first obtaining the consent of the defendant. *United States v. Chapman*, 593 F.3d 365, 367-68 (4th Cir. 2010) (citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004)). The matters that fall within counsel's discretion "primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). Because appointed counsel will investigate the effectiveness of both trial and appellate counsel for the purpose of the evidentiary hearing, the Court declines to dismiss these claims at this time and will consider them at the time of the hearing. The rigorous standards of deference applicable to trial counsel's strategy and tactics will be applied at that hearing.

Pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings, because an evidentiary

hearing is warranted, the Court "must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Upon review of the record, and finding that the interests of justice so require, the Court directs that representation shall be provided.

## CONCLUSION

For the reasons provided above, Respondent's Motion to Dismiss and Motion for Hearing [DE 91] is GRANTED in PART and DENIED in PART. The Motion is DENIED insofar as it seeks to dismiss the second ground of Petitioner's Motion. The Motion is GRANTED insofar as it seeks an evidentiary hearing in this Matter. Petitioner's Motion for Transcripts [DE 90] is DENIED WITHOUT PREJUDICE, with permission for counsel to refile the motion if necessary for Petitioner's adequate representation. Petitioner's Motion to Withdraw a 2255 Motion Without Prejudice [DE 98] is DENIED as MOOT. The Court DIRECTS the Clerk to set this matter for an evidentiary hearing, in which counsel may explore the merits of Petitioner's ineffective assistance of counsel claims. The Court DIRECTS the Office of the Federal Public Defender to appoint counsel to represent Petitioner at the evidentiary hearing. The court further ORDERS that appointed counsel file a notice of appearance within seven days from the date of entry of this Order.

SO ORDERED, this the _1_ day of ~~January~~ February, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE